ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ISLAND PORTFOLIO SERVICES, LLC, COMO AGENTE DE SERVICIOS DE PR RECOVERY AND DEVELOPMENT REO, LLC<br><br>RECURRIDOS<br><br>v.<br><br>NORTHWEST SECURITY MANAGEMENT, INC, HARRY COLÓN ALEMÁN, SU ESPOSA MARÍA DEL CARMEN AGRONT SÁNCHEZ Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS; Y OTROS<br><br>PETICIONARIOS | KLCE202400013 | *Certiorari p*rocedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número: KCD2015-2066<br><br>Sobre: Cobro de dinero, Incumplimiento de Contrato, Ejecución de Hipoteca por Vía Ordinaria y Ejecución de Gravamen Mobiliario) |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Ortiz Flores, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de enero de 2024.

Comparece la parte demandada Harry Colón Alemán y su esposa María del Carmen Argot Sánchez (en adelante, peticionarios) mediante recurso de *certiorari* y nos solicitan que revoquemos las resoluciones, órdenes y mandamientos emitidos por el Tribunal de Primera Instancia, Sala de San Juan (en adelante, TPI) el 7 de diciembre de 2023 y notificadas el 8 de diciembre del mismo año. En dichas *Órdenes* el TPI declaró No Ha Lugar la *Moción de Reconsideración* presentada por los peticionarios el 19 de agosto de 2023. Adelantamos que, por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari*.

**I**

El 27 de marzo de 2017, el TPI declaró Ha Lugar una Demanda instada contra los peticionarios, ordenando el pago de la deuda en controversia por la cantidad total de $530,070.11 a favor del demandante

original, el Banco de Desarrollo Económico para Puerto Rico.[1] También estipuló una suma de $80,000.00 por concepto de gastos, costas y honorarios de abogado.[2] Dicha deuda es producto de un préstamo y en garantía de pago de este, los peticionarios habían suscrito un pagaré hipotecario a favor de la demandante por la suma principal de $300,000.00.[3] En aseguramiento de este pagaré, se constituyó una hipoteca sobre el siguiente inmueble, propiedad de los peticionarios:

> **URBANA:** Solar número uno (1), radicado en el Barrio Guaniquilla, del Municipio de Aguada, Puerto Rico, con una cabida superficial de quinientos veintiocho punto dos mil trescientos setenta y tres (528.2373) metros cuadrados. En lindes por el NORTE, en diecisiete metros (17.00 m) con carretera municipal; por el SUR, en trece punto ochocientos noventa y nueve (13.899) metros con Víctor Torres; por el ESTE, en veintiséis punto ochocientos treinta y cuatro (26.834) metros; y por el OESTE, en veintiséis punto quinientos veintiún (26.521) metros con carretera.

> Consta inscrita al folio treinta y dos (32) del tomo ciento setenta y cinco (175) de Aguada, finca número nueve mil seiscientos sesenta y cuatro (9664), Registro de la Propiedad de Puerto Rico, Sección de Aguadilla.

> Esta finca fue objeto de un proceso de expropiación, mediante el cual fueron expropiados veintidós punto siete mil trescientos cinco (22.7305 m) sin que se describiera el remanente de la finca. A tenor con la expropiación, resulta la siguiente nueva descripción de la finca:

> **URBANA:** Solar número uno (1), radicado en el barrio Guaniquilla, del Municipio de Aguada, Puerto Rico, con cabida superficial de quinientos cinco punto cinco mil sesenta y ocho (505.5068) metros cuadrados. En lindes por el NORTE, en doce punto seis mil quinientos cuarenta y un (12.6541) metros con carretera municipal; por el SUR, en trece punto ochocientos noventa y nueve (13.899) metros con Víctor Torres; por el ESTE, en veintiséis punto ochocientos treinta y cuatro (26.834) metros; y por el OESTE, en veintiséis punto nueve mil ciento cuarenta y dos (26.9142) metros con carretera Puerto Rico 441 antes carretera 449.

Después de la venta de un bien inmueble localizado en Hato Rey, propiedad de uno de los codemandados, mediante pública subasta el 11 de marzo de 2020,[4] la deuda aún continuaba insatisfecha. Los recurridos solicitaron al TPI, mediante *Moción en solicitud de embargo de rentas,* la venta del segundo inmueble, localizado en el municipio de Aguada y

---

[1] Véase Apéndice I del *Certiorari* a la pág. 12.
[2] *Id.*
[3] Véase Apéndice I del *Certiorari* a la pág. 4.
[4] Véase Anejo 1 de la *Oposición* a la pág. 1.

perteneciente a los peticionarios.[5] No obstante, esta venta no se pudo tramitar a consecuencia de que su hipoteca no se encontraba inscrita en el Registro de la Propiedad.[6] Según surge del expediente, dicha gestión se logró finalmente el 16 de agosto de 2022 y así se notificó a las partes.[7]

Luego de varios trámites procesales la propiedad se vendió en pública subasta con autorización del TPI el 10 de agosto de 2023.[8] Sin embargo, los peticionarios se opusieron a ello el 18 de julio de 2023 mediante una *Moción urgente sobre emisión de orden* argumentando que no se les había notificado el interés de la parte recurrida en ejecutar la sentencia al amparo de lo establecido en la Regla 51.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.1.[9] El 2 de agosto de 2023, el TPI emitió una *Resolución* donde la declaró No Ha Lugar fundamentándose en que los peticionarios fueron notificados del interés de la ejecución de sentencia por los recurridos el 23 de marzo de 2023.[10] Subsiguientemente los peticionarios sometieron una *Moción sobre Reconsideración* el 19 de agosto de 2023 donde además de lo expuesto en la *Moción urgente sobre emisión de orden*, también alegaron que el tribunal no llevó a cabo el procedimiento correcto para emitir el mandamiento de dicha ejecución.[11] Dicha *Moción sobre Reconsideración* fue declarada No Ha Lugar el 7 de diciembre de 2023, notificada el 8 de diciembre de 2023 a todas las partes.[12]

Insatisfechos, los peticionarios acuden ante nos alegando que el TPI cometió los siguientes errores:

A) Erró el TPI al intervenir y emitir órdenes, resoluciones y mandamiento de ejecución de hipoteca, sin que previamente se haya ordenado y justificado el ejecutar una sentencia luego de decursar el término de 5 años de firme la misma [,] contrario a lo establecido en la Regla 51 de Procedimiento Civil.

---

[5] Véase Apéndice II del *Certiorari* a las págs. 14-16.
[6] *Id.* a la pág. 15.
[7] Véase Anejo 5 de la *Oposición* a las págs. 20-21.
[8] Véase Apéndice XXXII del *Certiorari* a la pág. 94.
[9] Véase Apéndice XVI del *Certiorari* a las págs. 51-52.
[10] Véase Apéndice XVIII del *Certiorari* a la pág. 53.
[11] Véase Apéndice XXIV del *Certiorari* a las págs. 63-68.
[12] Véase Apéndice XXX del *Certiorari* a las págs. 90-91.

B) Erró el TPI al ratificar acciones de la demandante de ejecución de hipoteca y escritura de venta judicial, durante el término en el cual se encontraba pendiente de resolución de una moción Solicitando Reconsideración[,] la cual había entretenido y concediendo término a la parte demandante para replicar.

C) Está errado el TPI al no intervenir ni dictar orden alguna durante el término de 30 días a partir del 8 de diciembre de 2023, fecha en que comenzó a decursar el término para que se considere firme la orden emitida, declarando No Ha Lugar nuestra solicitud de reconsideración.

El 17 de enero de 2024, emitimos *Resolución* la cual concedió hasta el 19 de enero de 2024 a los recurridos para presentar su posición sobre el recurso. El 19 de enero de 2024 los recurridos sometieron una *Oposición a expedición de certiorari y solicitud de desestimación*. Con el beneficio de la comparecencia de ambas partes, resolvemos.

**II**

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012), que cita a *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). Particularmente, en cuanto al *certiorari* para revisar dictámenes interlocutorios del foro primario, en su parte pertinente, la Regla 52.1 dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la **denegatoria de una moción de carácter dispositivo**. […]. **Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones**

**no tiene que fundamentar su decisión**. […] (Énfasis nuestro.)

Así pues, a este foro intermedio le corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que auscultar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de alguno de los asuntos establecidos en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari.* En aquellos casos en los que el asunto no esté comprendido dentro de la norma, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

Superada esta etapa, analizamos si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari.* Como se sabe, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta él caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

A su vez, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción." *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 664 (2000).

Finalmente, es norma reiterada que al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. A su vez, los foros apelativos no debemos intervenir con las decisiones de los tribunales de instancia, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que [la] intervención en esa etapa evitará un perjuicio sustancial." (Énfasis nuestro). *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

**III**

Los peticionarios recurren de unas *Órdenes* las cuales, además de resolver otros asuntos del caso, declaró No Ha Lugar la *Moción de Reconsideración* instada por estos el 19 de agosto de 2023. Nos encontramos ante una situación donde la resolución recurrida es un remedio de ejecución *post*-sentencia, revisable mediante auto de *certiorari*. Las resoluciones *post*-sentencia no están comprendidas de forma expresa bajo alguno de los incisos de la Regla 52.1 de Procedimiento Civil, 32 L.P.R.A. Ap. V, por lo que esos recursos deben evaluarse bajo los parámetros establecidos en la Regla 40 de nuestro Reglamento. 4 L.P.R.A. Ap. XXII-B.

Evaluada la resolución recurrida, esta no cumple con los criterios antes esbozados de la Regla 40, *supra*. Reiteramos que, los tribunales apelativos no debemos intervenir con las determinaciones de los tribunales primarios, salvo que se demuestre un claro abuso de discreción, perjuicio, error manifiesto o parcialidad. *Trans-Oceanic Life Ins. v. Oracle Corp.*, *supra*. De un examen del expediente ante nuestra consideración, no vemos que el TPI haya incurrido en un abuso de discreción durante el trámite post sentencia del caso o que este haya actuado bajo prejuicio o parcialidad que acarree un fracaso de la justicia. Además, tampoco se demostró que el foro recurrido se haya equivocado en la interpretación o aplicación de una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra el peticionario. Consecuentemente, al amparo de la Regla 40 de nuestro Reglamento, y en el ejercicio de nuestra discreción denegamos la expedición del auto de *certiorari*.

**IV**

Por lo antes expuesto, denegamos la expedición del auto de *certiorari* solicitado.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones